GEORGE S. HOWELL & CO., Respondent, v. JE-
ROME DICKERSON, Appellant.

**Kansas City Court of Appeals, February 1, 1904.**

1. **SALES: Breach of Contract: Measure of Damages: Remittitur.**
Defendant sold plaintiff apples in the orchard which he was to
pick and plaintiff to pack in barrels. Defendant refused to let
plaintiff have the apples. *Held*, measure of damages was the
difference between the market price on the day of delivery and
the price agreed to be paid at the place of delivery, less the
cost of barrelling the apples; and an instruction omitting the
deduction of the cost of barrelling was error and a remittitur
was properly entered for that amount.

2. ———: ———: **Failure of Evidence: Action.** By the terms of
the contract plaintiffs were to pick 150 barrels a day, but there
was no evidence that they did so. *Held*, immaterial since the
defendant did not give them an opportunity to perform their
contract; and besides had they failed in that respect, plaintiff
would have had his action therefor.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,*
Judge.

AFFIRMED.

*C. H. Skinker* and *G. A. Watson* for appellant.

(1)   When an action is brought on a contract, a
performance of its terms in every essential particular
must be shown, before a recovery can be sustained.
March v. Richards, 29 Mo. 99; Eyerman v. Cemetery
Ass'n, 61 Mo. 489. Plaintiff must allege and prove per-
formance on his part of the whole contract. St. Louis
v. McDonald, 10 Mo. 609; Billups v. Daggs, 38 Mo. App.
367. There is therefore a total failure of proof of
performance on the part of plaintiff of an essential part
of the contract. There were some other guesses made

by the witness as what they might have done, but what they did do, stands an indisputable witness against them. (2) The plain letter of the contract shows Howell & Co. were to receive and pack the apples in barrels, the labor and barrels to be paid for by them. This instruction directs the jury to ignore this provision of the contract and directs the jury to allow as damages the difference between the price of the apples in the orchard and the price in barrels at the market, thus requiring the defendant to pay for the barrels and for the packing. (3) The court endeavored to cure the error of this instruction by directing a remittitur of $198.35 but we submit that it is impossible for the court to arrive at the amount of damages allowed by the jury on account of this erroneous instruction. How many barrels did the jury find that the orchard contained?

*Patterson & Patterson* for respondent.

(1) The evidence as to the market value of apples on October 1st, was given with reference to the Springfield market on that date. (2) Our position is that this instruction, when considered in connection with the above excerpts of the record, is good as far as it goes. Instructions which are good as far as they go, but do not cover the whole case, amount, in civil cases, only to nondirection and not to error, and it is the duty of the other party to ask proper instruction to supply the shortcomings of those asked by his adversary. Bank v. Ragsdale, 171 Mo. 186; Geisman v. Electric Co., 173 Mo. 655; Tethrow v. Railroad, 98 Mo. 74; Hall v. Hall, 107 Mo. 101; Mitchell v. Bradstreet, 116 Mo. 226; Nolan v. Johns, 126 Mo. 159; Warder v. Henry, 117 Mo. 538; Doyle v. Railroad, 113 Mo. 280. (3) A respondent will be permitted to enter a remittitur in the Supreme Court to cure an error in the amount of his verdict. Warder v. Henry, 117 Mo. 530; Noble v. Blount, 77 Mo. 239. An excessive verdict may be remedied by a remittitur in

the Supreme Court. Crawford v. Doppler, 120 Mo. 362; State ex rel. v. Hope, 121 Mo. 34; Trustees, etc., v. Hoffman, 95 Mo. App. 500; Rosenfeld v. Seigfred, 91 Mo. App. 184; Chitty v. Railway, 148 Mo. 77-80; Ice Co. v. Max Tamm, 90 Mo. App. 201; Swafford v. Pratt, 93 Mo. App. 638; Keen v. Schnedler, 92 Mo. 527.

BROADDUS, J.—This suit is founded upon the following contract, to-wit:

"This contract made on the 16th day of September, 1901, between Geo. S. Howell & Co., and Jerome Dickerson, witnesseth: That for and in consideration of the sum of five hundred dollars paid by said Geo. S. Howell & Co., and the further considerations herein named, Jerome Dickerson has sold to the said Geo. S. Howell & Co., all apples growing in the orchard of said Dickerson, situate three miles north of Springfield, Missouri, containing forty-six acres, and bounded on the north by Lyman and on the east by Garlick, which come within the following specification: that is to say, all apples in said orchard which shall measure two and one-fourth inches in diameter and be free from rot. No apple shall be rejected on account of any blemish, wormhole or insect sting appearing on the same unless same shall also be affected with rot. The said Dickerson shall pick and deliver said apples at the city of Springfield at such place as the said Howell & Co. shall designate within the limits of said city. Said delivery shall begin on the first day of October, 1901. The said Geo. S. Howell & Co. agree to pay the said Dickerson for said apples the sum of $2 per barrel of three bushels each, the said apples to be received and barrelled by the said Howell & Co. The said Howell & Co. agree to receive and barrel 150 barrels per day; the barrels to be furnished and paid for by said Howell & Co. The said Howell & Co. agree to pay for each 100 barrels when delivered and the said $500 this day paid shall be considered as payment for the last hundred and fifty barrels delivered

under this contract.   And should the said Howell & Co. fail or refuse to carry out their part of this contract the said $500 shall be retained by said Dickerson as liquidated damages for such failure.   (Signed in duplicate Sep. 16, '01.)   Jerome Dickerson, Geo. S. Howell & Co., by Geo. S. H.''

The petition alleges that the plaintiffs paid the $500 mentioned and offered to comply with the terms of the contract but that defendant failed to so do on his part; and that he drove plaintiffs' employees from the orchard and failed and refused to pick and deliver the apples and retained the $500 paid him.

There was evidence that on the last day of September the parties began picking and packing the apples, and that plaintiffs' employees were grading them down, as provided in the contract, but that defendant was dissatisfied with the way in which it was done; and that defendant delayed the packing of the apples somewhat because for want of ladders for the use of his pickers. That plaintiffs packed that day and on the next until between eight and nine o'clock when defendant discharged his pickers and ordered plaintiffs' employees to leave the orchard.   During the time so employed they packed about seventy-five barrels.   The evidence tended to show that plaintiffs were prepared to pack 150 barrels per day; that the orchard contained from 649 to 1,500 barrels of apples; that the cost of packing was about forty cents per barrel and that the lowest market price at Springfield, the place of delivery, was $2.75 per barrel.

Defendant's evidence tended to show that he dismissed his pickers and required plaintiffs' employees to leave or to comply with the contract as he understood it. He insisted that they rejected apples that should have been received under the contract.

The jury under the instructions of the court returned a verdict for plaintiff for $925.50, of which $500 was for the money paid on the contract, and the residue,

$425, for damages for failure of defendant to deliver the apples.

The contention of defendant is that the court erred in instructing the jury as to the measure of damages. After instructing the jury to find for plaintiff the $500 the court instructed as follows: "And in addition, they will assess plaintiffs' damages at such sum, if any, as the weight of evidence shows was the difference per barrel between the market price October 1, 1901, and the contract price, viz.: $2 per barrel for such number of barrels coming up to the aforesaid standard as they shall find said orchard contained, and that in no event are they to assess plaintiffs' damages at a sum exceeding the sum sued for."

The objection to said instruction is, that it failed to tell the jury that they must deduct from the market price the costs of barrelling as the market price at Springfield was of apples in the barrel.

The error was discovered and the plaintiff in order to avoid its effect, entered a remittitur of $198.35 and the court rendered judgment for the amount of the verdict, less the sum remitted, viz.: $727.15. In order to arrive at this result the court assumed that the apples in the orchard amounted to 649 barrels. This was the least amount, as shown by the evidence, that the orchard contained. As we read the evidence, there was more. But under the finding the defendant could not have been injured for that reason but rather benefited. He is not in a condition to complain of the action of the court.

But defendant contends that there was a total failure of proof to sustain the finding, in this, that the contract provided that plaintiffs should pack 150 barrels per day, whereas the evidence does not show that with the means at hand they were able to do so. The trouble about this claim is, that the defendant did not give plaintiffs an opportunity to determine whether they could or could not. They had been delayed some on the first day because defendant was not prepared for them, and

they were required to quit early the next day. And further, if in performing the contract plaintiffs failed to pack the 150 barrels a day and he was damaged thereby, he had his remedy. All he had to do was to comply or offer to comply on his part. But this course he did not pursue. On the contrary, he refused to deliver the apples, and ordered the plaintiffs' servants away. The jury on proper instructions found that he refused to deliver the apples.

The finding and judgment is for the right party and ought not to be disturbed. Cause affirmed. All concur.